**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **IMPLICIT, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:19-cv-37** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **JUNIPER NETWORKS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Implicit, LLC ("Implicit") and files this Original Complaint for Patent Infringement against Defendant Juniper Networks, Inc. ("Juniper"), alleging as follows:

## I.  NATURE OF THE SUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II.  THE PARTIES

2.      Plaintiff **Implicit, LLC** is a Washington limited liability company that maintains its principal place of business in Tyler, Texas.

3.      Defendant **Juniper Networks, Inc.** is a Delaware corporation that does business in Texas, directly or through intermediaries, maintains a principal place of business in Sunnyvale, California, and maintains a regular and established place of business in Plano, Texas.

### III.  JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has general personal jurisdiction over Juniper because Juniper maintains a regular and established place of business in Plano, Texas.

6.      Further, this Court has specific personal jurisdiction over Juniper in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to Juniper's voluntary contacts with this forum, such voluntary contacts including but not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from Accused Products provided to individuals in Texas and in this District.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1400(b) for at least the reasons set forth above and because Juniper maintains a regular and established place of business in Plano, Texas, which is in this District.

### IV.  BACKGROUND

#### A.      The Asserted Patents

8.      This cause of action asserts infringement of United States Patent Nos. 8,056,075 (the "'075 Patent"); 8,856,779 (the "'779 Patent"); 9,325,740 (the "'740 Patent"); 8,694,683 (the

"'683 Patent"); 9,270,790 (the "'790 Patent"); 9,591,104 (the "'104 Patent");  10,027,780 (the "'780 Patent"); and 10,033,839 (the "'839 Patent") (collectively, the "Asserted Patents").

9.      A true and correct copy of the '075 Patent, entitled "Server Request Management," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 1.

10.     The '075 Patent duly and legally issued on November 8, 2011.

11.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '075 Patent.  Implicit has standing to sue for infringement of the '075 Patent.

12.     A true and correct copy of the '779 Patent, entitled "Application Server for Delivering Applets to Client Computing Devices in a Distributed Environment," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 2.

13.     The '779 Patent duly and legally issued on October 7, 2014.

14.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '779 Patent.  Implicit has standing to sue for infringement of the '779 Patent.

15.     A true and correct copy of the '740 Patent, entitled "Application Server for Delivering Applets to Client Computing Devices in a Distributed Environment," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 3.

16.     The '740 Patent duly and legally issued on April 26, 2016.

17.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '740 Patent.  Implicit has standing to sue for infringement of the '740 Patent.

18.     A true and correct copy of the '683 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 4.

19.     The '683 Patent duly and legally issued on April 8, 2014.

20.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '683 Patent.  Implicit has standing to sue for infringement of the '683 Patent.

21.     A true and correct copy of the '790 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 5.

22.     The '790 Patent duly and legally issued on February 23, 2016.

23.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '790 Patent.  Implicit has standing to sue for infringement of the '790 Patent.

24.     A true and correct copy of the '104 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 6.

25.     The '104 Patent duly and legally issued on March 7, 2017.

26.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '104 Patent.  Implicit has standing to sue for infringement of the '104 Patent.

27.     A true and correct copy of the '780 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 7.

28.     The '780 Patent duly and legally issued on July 17, 2018.

29.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '780 Patent.  Implicit has standing to sue for infringement of the '780 Patent.

30.     A true and correct copy of the '839 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 8.

31.     The '839 Patent duly and legally issued on July 24, 2018.

32.     Implicit is the current owner by assignment of all rights, title, and interest in and under the '839 Patent.  Implicit has standing to sue for infringement of the '839 Patent.

**B.     Juniper**

33.     Juniper, directly or through intermediaries, makes, uses, sells, or offers to sell within the United States, or imports into the United States, certain products (the "Accused Products"), including but not limited to Juniper SRX Series Services Gateways.

34.     By selling or offering to sell the Accused Products, Juniper, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased or used by consumers in this District.

## V.  NOTICE

35.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

36.     At least by filing and serving this Complaint, Implicit has given Juniper written notice of the Asserted Patents and of Juniper's infringement thereof.

## VI.  CLAIMS

**A.     Infringement of the '075 Patent**

37.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

38.     The Accused Products are covered by at least claim 1 of the '075 Patent.

39.     Juniper has directly infringed and continues to infringe at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without

Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

40.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '075 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '075 Patent.  Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '075 Patent.

41.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271(c).  Juniper installs, configures, and sells the Accused Products with one or more distinct components, including components that implement reverse-

web proxy functionality (collectively, the "Server Accused Components"), each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '075 Patent.  Each Server Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '075 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '075 Patent.  Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Server Accused Components, knowing each Server Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '075 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

42.     As of the filing and service of this Complaint, Juniper's infringement of the '075 Patent has been and continues to be willful and deliberate.

**B.     Infringement of the '779 Patent**

43.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

44.     The Accused Products are covered by at least claim 1 of the '779 Patent.

45.     Juniper has directly infringed and continues to infringe at least claim 1 of the '779 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

46.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '779 Patent

in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '779 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '779 Patent.  Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '779 Patent.

47.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '779 Patent in violation of 35 U.S.C. § 271(c).  Juniper installs, configures, and sells the Accused Products with the Server Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '779 Patent.  Each Server Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '779 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '779 Patent.

Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Server Accused Components, knowing each Server Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '779 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

48.     As of the filing and service of this Complaint, Juniper's infringement of the '779 Patent has been and continues to be willful and deliberate.

**C.     Infringement of the '740 Patent**

49.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

50.     The Accused Products are covered by at least claim 1 of the '740 Patent.

51.     Juniper has directly infringed and continues to infringe at least claim 1 of the '740 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

52.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '740 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '740 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the

Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '740 Patent.  Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '740 Patent.

53.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '740 Patent in violation of 35 U.S.C. § 271(c).  Juniper installs, configures, and sells the Accused Products with the Server Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '740 Patent.  Each Server Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '740 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '740 Patent. Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Server Accused Components, knowing each Server Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '740

Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

54.     As of the filing and service of this Complaint, Juniper's infringement of the '740 Patent has been and continues to be willful and deliberate.

**D.     Infringement of the '683 Patent**

55.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

56.     The Accused Products are covered by at least claim 1 of the '683 Patent.

57.     Juniper has directly infringed and continues to infringe at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

58.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '683 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '683 Patent.  Juniper's inducements

may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '683 Patent.

59.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(c).  Juniper installs, configures, and sells the Accused Products with one or more distinct components, including components that implement flow-based processing and the ability to inspect application data on TCP traffic (collectively, the "Demux Accused Components"), each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '683 Patent.  Each Demux Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '683 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '683 Patent.  Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Demux Accused Components, knowing each Demux Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '683 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

60.     As of the filing and service of this Complaint, Juniper's infringement of the '683 Patent has been and continues to be willful and deliberate.

E.  **Infringement of the '790 Patent**

61.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

62.     The Accused Products are covered by at least claim 1 of the '790 Patent.

63.     Juniper has directly infringed and continues to infringe at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

64.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '790 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '790 Patent.  Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors,

or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '790 Patent.

65.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(c).   Juniper installs, configures, and sells the Accused Products with the Demux Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '790 Patent.   Each Demux Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '790 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '790 Patent. Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Demux Accused Components, knowing each Demux Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '790 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

66.     As of the filing and service of this Complaint, Juniper's infringement of the '790 Patent has been and continues to be willful and deliberate.

**F.     Infringement of the '104 Patent**

67.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

68.     The Accused Products are covered by at least claim 1 of the '104 Patent.

69.     Juniper has directly infringed and continues to infringe at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

70.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '104 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '104 Patent.  Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '104 Patent.

71.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '104

Patent in violation of 35 U.S.C. § 271(c).  Juniper installs, configures, and sells the Accused Products with the Demux Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '104 Patent.  Each Demux Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '104 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '104 Patent. Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Demux Accused Components, knowing each Demux Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '104 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

72.    As of the filing and service of this Complaint, Juniper's infringement of the '104 Patent has been and continues to be willful and deliberate.

**G.    Infringement of the '780 Patent**

73.    The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

74.    The Accused Products are covered by at least claim 1 of the '780 Patent.

75.    Juniper has directly infringed and continues to infringe at least claim 1 of the '780 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

76.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of at least claim 1 of the '780 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '780 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes at least claim 1 of the '780 Patent.  Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes at least claim 1 of the '780 Patent.

77.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of at least claim 1 of the '780 Patent in violation of 35 U.S.C. § 271(c).  Juniper installs, configures, and sells the Accused Products with the Demux Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '780 Patent.  Each Demux Accused Component within the Accused Products constitutes a material part of the claimed

invention recited in at least claim 1 of the '780 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '780 Patent. Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Demux Accused Components, knowing each Demux Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '780 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

78.     As of the filing and service of this Complaint, Juniper's infringement of the '780 Patent has been and continues to be willful and deliberate.

**H.     Infringement of the '839 Patent**

79.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Juniper.

80.     The Accused Products are covered by claim 1 of the '839 Patent.

81.     Juniper has directly infringed and continues to infringe claim 1 of the '839 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

82.     Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively inducing infringement of claim 1 of the '839 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe claim 1 of the '839 Patent when they use the Accused Products in the ordinary, customary, and intended way. Juniper's inducements include, without limitation and with specific intent to encourage the

infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Juniper provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Juniper knows or should know infringes claim 1 of the '839 Patent. Juniper's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Juniper knows or should know infringes claim 1 of the '839 Patent.

83.      Further and in the alternative, at least since the filing and service of this Complaint, Juniper has been and now is actively contributing to infringement of claim 1 of the '839 Patent in violation of 35 U.S.C. § 271(c). Juniper installs, configures, and sells the Accused Products with the Demux Accused Components, each of which is especially made or especially adapted to practice the invention claimed in claim 1 of the '839 Patent. Each Demux Accused Component within the Accused Products constitutes a material part of the claimed invention recited in claim 1 of the '839 Patent and not a staple article or commodity of commerce because it is specifically configured according to claim 1 of the '839 Patent. Juniper's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Demux Accused Components, knowing each Demux Accused Component to be especially made or especially adapted for use in

an infringement of claim 1 of the '839 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

84.     As of the filing and service of this Complaint, Juniper's infringement of the '839 Patent has been and continues to be willful and deliberate.

## VII.  DAMAGES

85.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

86.     For the above-described infringement, Implicit has been injured and seeks damages to adequately compensate it for Juniper's infringement of the Asserted Patents.  Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284, together with Implicit's costs and expenses, pre-judgment and post-judgment interest, and supplemental damages for any continuing post-verdict or post-judgment infringement, with an accounting as needed.

87.     As set forth above, Juniper's infringement of the Asserted Patents has been and continues to be willful, such that Implicit seeks treble damages under 35 U.S.C. § 284 as appropriate.

88.     Juniper's willful infringement of the Asserted Patents renders this case exceptional under 35 U.S.C. § 285, such that Implicit seeks all reasonable attorneys' fees and costs incurred in this litigation, together with pre-judgment and post-judgment interest thereon.

## VIII.  PRAYER FOR RELIEF

Implicit respectfully requests the following relief:

a.     A judgment in favor of Implicit that Juniper has infringed each Asserted Patent, whether literally or under the doctrine of equivalents, as described herein;

b.      A judgment and order requiring Juniper to pay Implicit its damages, costs, expenses, and pre-judgment and post-judgment interest for Juniper's infringement of each Asserted Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c.      A judgment and order requiring Juniper to pay Implicit enhanced damages for willful infringement as provided under 35 U.S.C. § 284;

d.      A judgment and order finding this case exceptional and requiring Juniper to pay Implicit its reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 285, together with pre-judgment and post-judgment interest thereon; and

e.      Such other and further relief as the Court deems just and proper.

## IX.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Implicit requests a jury trial of all issues triable of right by a jury.

Dated: February 4, 2019

Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com

**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*