# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>   *Plaintiff*,<br><br> v.<br><br>JUNIPER NETWORKS, INC.,<br><br>   *Defendant*. | Civil Action No. 2:19-cv-37-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Implicit concedes that it initially chose to litigate its "Demultiplexing" patents against Juniper's SRX products in Northern California. That venue was appropriate given the focus on facts, evidence, and witnesses within that district. Judge Illston expended significant judicial resources presiding over that case and Implicit's many other related cases. Now, after losing the first action against Juniper, Implicit cannot try again here—particularly in light of the relevant evidence, judicial experience, and other existing ties to Northern California. Given the strong combined weight of the relevant transfer factors, the Court should transfer this action.

I.   **JUDICIAL ECONOMY AND INTERESTS OF JUSTICE FAVOR TRANSFER**

Most of Implicit's brief is directed to the judicial economy factor, with a focus on this Court's prior claim constructions. Opp. at 5-9. However, Implicit fails to acknowledge that both this Court *and* Judge Illston have meaningful and relevant claim construction experience. For example, both courts have construed terms from exactly three patents of the Demultiplexing family over the course of multiple claim construction orders. Exs. 23, 51 (Judge Illston: '683, '163, '857); Exs. 52, 53, 54 (this Court: '683, '790, '104).[1] Only one of this Court's orders involved disputed terms from the Server family, and that order issued over two years ago. Ex. 52. Judge Illston's most recent order was about 3.5 years ago. Ex. 23.[2] There are also four patents asserted here that have not been construed by *either* court. *See* Dkt. 14 ('075, '780, '839, '378). None of these facts weigh strongly in favor of either venue.

However, Judge Illston also has some additional, unique experience relevant to this case that weighs significantly in favor of transfer. In particular, Judge Illston's detailed summary

---

[1] A "prior suit based on closely related patents" that "share[] a written description with a patent at issue" can weigh in favor of transfer. *Kinetic Concepts, Inc. v. Medela AG*, 2008 WL 112120, at *2 (E.D. Tex. Jan. 9, 2008).

[2] The gap between the *F5 II* dismissal and the filing of this action is thus meaningfully shorter than the 5-year span cited in *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011). Moreover, Judge Illston's roughly seven years of experience with the parties, patents, and

judgment opinion and involvement in discovery disputes between Implicit and Juniper provided the opportunity to become familiarized with Juniper, its SRX products, and the relevant financial and technical documents. Mot. at 2-6. This "knowledge and experience … cannot easily be replicated in this district without a substantial duplication of effort." *U.S. Ethernet Innov. v. Acer, Inc.*, 2010 WL 2771842, at *7 (E.D. Tex. July 13, 2010). The transfer order in *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. 2:03-CV-425 (E.D. Tex. Jul. 23, 2004) (Ex. 55) is instructive on this point. The patentee in that case had filed an infringement action before Judge Illston that proceeded through claim construction and summary judgment of non-infringement. Having lost once in California, the patentee asserted a continuation patent in a second suit against the same defendant and same products in the Eastern District of Texas. Judge Ward granted the motion to transfer to Judge Illston in part because she already "ha[d] substantial experience with these parties and the accused device." Ex. 55 at 3-4.

Implicit argues that it is "speculative" to think that Judge Illston would be assigned this case if transferred.[3] However, "[a] district judge's senior status is not a reason unto itself to deny transfer," and is generally "not an appropriate consideration at all." *Eli Lilly & Co. v. Genentech, Inc.*, 2013 WL 4396718, at *7 (N.D. Cal. Aug. 13, 2013). That rule makes sense, as Judge Illston still has an active patent docket, with ten new patent case assignments so far in 2019 alone. Ex. 56. Similarly, courts do not weigh the mechanics of case assignment, as most districts "maintain internal procedures that direct related cases back to a judge who has already invested time and effort in a complex dispute such as this." *U.S. Ethernet*, 2010 WL 2771842, at *8 n.9.

Finally, the parties' prior experience before Judge Illston is relevant not only to judicial

---

products is much more extensive than was the case in *In re Verizon*.
[3] It appears that the *F5 II* case was reassigned to Judge Illston shortly after filing without either party submitting any administrative motion to relate the cases. *See* Ex. 22.

economy but also the statutory mandate to consider the "interest of justice." 28 U.S.C. § 1404(a). Transfer is appropriate where "a like action has been brought by the same plaintiff against the same defendant in another district," because interests of justice seek to "avoid multiple litigations based on a single transaction." *Wireless Consumers v. T-Mobile*, 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003).[4] In particular, "evidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily" in favor of transfer. *Id.* at *5; *see also Alexander v. Franklin Res.*, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007) (Illston, J.) (transferring where "same plaintiff represented by the same law firm filed a similar lawsuit in [another venue], and after receiving unfavorable rulings from that court, filed the instant case").

## II.  THE OTHER FACTORS STRONGLY FAVOR TRANSFER

Moreover, the collective impact of all transfer factors weighs in favor of transfer, even independent of Judge Illston's prior experience. *In re Verizon*, 635 F.3d at 562 (transfer should not be reflexively denied based on existence of prior litigation in this District if other factors consistently favor transfer). The case of *Chrimar System, Inc. v. Juniper Networks, Inc.*, 2016 WL 126936 (E.D. Tex. Jan 11, 2016), presents a good example: the court granted a motion to transfer based on the strength of combined factors, despite this District having more extensive experience with the patents than the transferee venue. *Id.* at *4-6; *see also Kroy v. Starbucks*, 2014 WL 5343168, at *4 (E.D. Tex. Sept. 30, 2014) (Gilstrap, J.) ("presence of separately filed cases cannot justify venue in this district, or defeat an otherwise compelling case for transfer").

**Ease of Access to Relevant Sources of Proof.**  Implicit concedes there is a substantial body of highly relevant documents in Northern California, but suggests Implicit's Texas documents somehow counterbalance the Northern California documents. *See* Opp. at 9-10.

---

[4] To the extent that Implicit is seeking damages six years before the filing of the complaint, there is actual overlap between the two cases in the range of accused SRX sales.

However, the nearly two million pages that Juniper produced in the prior action—all from its Northern California headquarters—are directed to core issues of infringement and damages, e.g., the accused SRX products' technical and financial information. By contrast, Implicit identifies a much smaller volume and offers "no indication that [its] documents in Texas are substantial enough, whether in terms of volume or importance, to counter Juniper['s] … documents in California." *See NPS v. Juniper*, 2012 WL 194382, at *4 (E.D. Tex. Jan. 23, 2012) (Gilstrap, J.). Even worse, Implicit presents no evidence that its documents are even actually located in Eastern Texas, offering only the ambiguous statement that they are "*either*" in Tyler "*or*" other locations *outside* this District. Opp. at 10. This factor thus strongly favors transfer.

**Availability of Compulsory Process.** Implicit also does not dispute Juniper's identified non-party witnesses in Northern California, instead pointing to its own list of third parties. Opp. at 11-12. Yet none of these witnesses help Implicit, as all of them are outside this District and well over 100 miles from Marshall. *See In re Hoffmann*, 587 F.3d at 1333, 1338 (Fed. Cir. 2009) (rejecting reliance on witness over 100 miles from court due to inconvenience; trial subpoena would be subject to motion to quash). Indeed, the only witness on Implicit's list who meaningfully impacts the transfer analysis is Dan Decasper, who lives in Northern California. Opp. at 12. Because absolute subpoena power exists for multiple witnesses in California but none in this District, this factor favors transfer. *In re Hoffmann*, 587 F.3d at 1337-38.

**Cost of Attendance for Willing Witnesses.** Juniper provided ample evidence that its employees in Northern California are responsible for SRX design, engineering, marketing, and sales. Marcellin Decl. ¶¶ 3-11. This is not "unsupported attorney speculation"—Implicit's counsel knows it is true based on previous depositions of Juniper's technical and financial witnesses for the SRX product. *See* McPhie Decl. ¶¶ 8-10. By contrast, Implicit does not identify

a single willing witness in Eastern Texas. Accordingly, this factor weighs in favor of transfer.

**Court Congestion.** Implicit's reliance on generic statistics to suggest a modest difference regarding time to trial is easily "counterbalance[d]" in this case because the transferee court has "familiarity with the technology and patents-at-issue." *Zoltar Satellite Sys. v. LG Elecs. Mobile*, 402 F. Supp. 2d 731, 737 (E.D. Tex. 2005); *NPS*, 2012 WL 194382, at *6 (giving little weight to this "most speculative" factor; granting transfer to Northern California).

**Local Interest.** Implicit mistakenly argues this District has a "local interest" because Juniper "sells allegedly infringing products … nationwide," including in Texas. Opp. at 13. But more recent precedent "unequivocally reject[s]" this theory. *See, e.g.*, *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citing cases).[5] Indeed, this Court concluded that this factor weighed in favor of transfer in other cases alleging infringement by Juniper products designed in Northern California. *See, e.g.*, *NPS*, 2012 WL 194382, at *7; *Chrimar*, 2016 WL 126936, at *6.

**Familiarity with the Law and Avoidance of Conflicts of Law.** Implicit tries to distinguish *Young v. Waldron*, 2015 WL 13694664 (E.D. Tex. May 22, 2015), which it characterizes as a case where the "plaintiffs had hoped to try their luck in the Eastern District" after "years" of "unsuccessful" litigation elsewhere. Opp. at 14. This argument only underscores the applicability of *Young* on the unique facts of this case, and that transfer to a prior venue will likewise avoid "conflicting rulings" here. *Young*, 2015 WL 13694664, at *3.

In sum, because all of the relevant factors weigh in favor of transfer, the Court should order transfer to Northern California so that Judge Illston can properly oversee this sequel action.

---

[5] Implicit relies on *J2 Global* (a 2008 case) and *Uniloc USA* (which relies on a 2007 case). Moreover, *Realtime Adaptive* is inapposite as it was based in part on the ubiquitous presence of defendant Amazon's fulfillment centers in this District. There are no comparable facts for Juniper, and Implicit presents no actual evidence other than a web site listing an address for a single sales office in Plano (Hosie Ex. 49; *but see* Marcellin Decl. ¶ 11) and a job posting for Austin having nothing to do with the accused SRX product (Hosie Ex. 50).

Dated: June 7, 2019

Respectfully submitted,

IRELL & MANELLA LLP

By: *Melissa R. Smith*
    Melissa R. Smith

**IRELL & MANELLA LLP**
David McPhie
(CA Bar No. 231520) [Pro Hac Vice]
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200
Email:  dmcphie@irell.com

Jonathan S. Kagan
(CA Bar No. 166039) [Pro Hac Vice]
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
Email:  jkagan@irell.com

**GILLAM & SMITH LLP**
Melissa R. Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

**Attorneys for Defendant Juniper Networks, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on this the 7th day of June, 2019.

>　　　　　　　　　　　　　　*/s/ Melissa R. Smith*
>　　　　　　　　　　　　　　Melissa R. Smith

10690387