**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC<br>Plaintiff,<br><br>vs.<br><br>IMPERVA, INC.,<br>Defendant. | Civil Action No. 2:19-cv-00040-JRG-RSP<br>(Lead Case) |
| vs.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Civil Action No. 2:19-cv-37-JRG-RSP<br>(Consolidated Case) |

**DEFENDANT JUNIPER NETWORKS, INC.'S OPPOSITION TO**
**PLAINTIFF IMPLICIT, LLC'S MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Implicit's Untimely Shift In Strategy Does Not Present "Newly Available Evidence" Justifying Reconsideration Of The Transfer Order .......... 2

B. Implicit's Attempt To Drop Claims Is Immaterial To The Transfer Analysis .......... 6

III. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beneficial Innovations, Inc. v. Blockdot, Inc.*,
2010 WL 11469805 (E.D. Tex. Oct. 27, 2010) ....................3

*In re Benjamin Moore & Co.*,
318 F.3d 626 (5th Cir.2002) ....................2, 4

*Ctr. One v. Vonage Holdings Corp.*,
2010 WL 3257642 (E.D. Tex. Aug. 17, 2010) ....................4

*Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*,
597 F.3d 1374 (Fed. Cir. 2010)....................4

*In re EMC Corp.*,
2013 WL 324154 (Fed. Cir. Jan. 29, 2013) ....................6

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
881 F. Supp. 2d 745 (E.D. Tex. 2012)....................2, 6

*EVS Codec Techs., LLC v. LG Elecs., Inc.*,
2019 WL 2904747 (E.D. Tex. July 5, 2019) ....................7

*Farquhar v. Steen*,
611 F. App'x 796 (5th Cir. 2015) ....................2

*Invensas Corp. v. Samsung Elecs. Co.*,
2018 WL 5834393 (E.D. Tex. Nov. 7, 2018) ....................7

*KKG, LLC v. Rank Grp., PLC*,
2013 WL 1643525 (E.D. Tex. Apr. 16, 2013)....................2, 4

*LoganTree, LP v. Fitbit, Inc.*,
2016 WL 3460769 (E.D. Tex. Apr. 26, 2016)....................1, 3, 4

*Lupo v. Wyeth-Ayerst Labs.*,
4 F. Supp. 2d 642 (E.D. Tex. 1997)....................6

*Nichia Corp. v. Vizio, Inc.*,
2018 WL 5306646 (E.D. Tex. Feb. 20, 2018) ....................1, 2

*PersonalWeb Techs., LLC v. Google, Inc.*,
2013 WL 12157900 (E.D. Tex. Aug. 5, 2013) ....................3, 6, 7

**Page(s)**

*Powers v. Northside Indep. Sch. Dist.*,
951 F.3d 298 (5th Cir. 2020) ....................................................................................4

*Saint Lawrence Commc'ns LLC v. Amazon.com, Inc.*,
2019 WL 2904756 (E.D. Tex. July 5, 2019) ...............................................................7

*Triton Tech of Texas, LLC. v. Nintendo of Am. Inc.*,
2012 WL 2036411 (E.D. Tex. June 6, 2012)..........................................................1, 3

*Vertical Computer Sys., Inc. v. LG Elecs. U.S.A., Inc.*,
2013 WL 2241947 (E.D. Tex. May 21, 2013)..............................................................6

## I. INTRODUCTION

Implicit's motion for reconsideration is without merit and should be denied. The Court issued its transfer order approximately one month ago, on April 22, 2020. Dkt. 422. Since that time, there has been ***no*** intervening change in law, ***no*** discovery of newly available evidence, and ***no*** identification of any clear error of law or manifest injustice in the Court's decision. Because these are the only possible bases upon which reconsideration may properly be granted—and none is present here—Implicit's motion necessarily fails under the well-established practice of this Court. *See, e.g.*, *LoganTree, LP v. Fitbit, Inc.*, 2016 WL 3460769, at *1 (E.D. Tex. Apr. 26, 2016) (denying motion for reconsideration of transfer order; "Plaintiff points to no intervening change in law or new evidence not previously available. Further, the Court sees no error of law in its prior transfer Order. As a result, reconsideration is inappropriate."); *Nichia Corp. v. Vizio, Inc.*, 2018 WL 5306646, at *3 (E.D. Tex. Feb. 20, 2018) (denying motion for reconsideration; "no new facts or manifest errors of law which could justify a revisiting by this Court of its prior ruling"); *Triton Tech of Texas, LLC. v. Nintendo of Am. Inc.*, 2012 WL 2036411, at *2 (E.D. Tex. June 6, 2012) (denying motion for reconsideration; facts not "new evidence" because they were previously available, and no other grounds for reconsideration present).

The sole issue raised in Implicit's motion is recycled from its earlier briefing on Juniper's transfer motion: namely, the possibility of Implicit amending its pleadings and infringement contentions to eliminate certain patent claims such as those that expressly require a "processor" (e.g., the Intel processor). Implicit's renewed argument on that issue does not constitute "newly available evidence," even if Implicit contends it is now ready to drop claims after repeatedly failing to do so earlier. Indeed, the Court specifically asked Implicit at the hearing on Juniper's transfer motion whether it was prepared to drop any claims, and Implicit responded unambiguously that it was not: "I'm not at a place -- at a place where I can -- where I've got the authority or the ability

to -- drop claims at this point." Ex. 1 (2/6/2020 Hearing Tr.) at 55:16-23. To this day, Implicit has not attempted to serve amended infringement contentions, much less file a motion to amend the Amended Complaint to eliminate Implicit's reliance on patent claims that the Court found sufficient to trigger the venue selection clause of the Intel License.

As this Court has previously stated: "[D]istrict court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Rather … litigants are expected to present their strongest case when the matter is first considered." *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749 (E.D. Tex. 2012) (quotes and citations omitted). Basic principles of fairness and judicial economy mandate that Implicit should be held to the positions it took in opposing Juniper's transfer motion in the first instance. Accordingly, Implicit's motion for reconsideration should be denied.

## II. ARGUMENT

### A. Implicit's Untimely Shift In Strategy Does Not Present "Newly Available Evidence" Justifying Reconsideration Of The Transfer Order

Reconsideration of a duly issued judicial order is an "extraordinary remedy that should be used sparingly." *Nichia*, 2018 WL 5306646, at *2. Accordingly, courts have repeatedly held that motions for reconsideration are not to be granted except in one of three narrow circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002); *Farquhar v. Steen*, 611 F. App'x 796, 800 (5th Cir. 2015) (motion for reconsideration "requires a showing" under one of these three criteria or will be denied); *KKG, LLC v. Rank Grp., PLC*, 2013 WL 1643525, at *6 (E.D. Tex. Apr. 16, 2013) (denying motion for reconsideration for failure to satisfy any of these criteria);

*Triton Tech*, 2012 WL 2036411, at *2 (same); *PersonalWeb Techs., LLC v. Google, Inc.*, 2013 WL 12157900, at *1 (E.D. Tex. Aug. 5, 2013) (same).[1]

In this case, Implicit does not even attempt to argue the applicability of the first prong (change in law) or the third prong (clear error of law or manifest injustice). *See* Dkt. 44 ("Mot.") at 1-3.[2] Instead, Implicit's motion relies solely on the second prong, urging that a "material and central fact has now changed" because Implicit says it is now willing to drop a number of its asserted claims that cover the Intel processor in the accused Juniper products. *Id.* at 2.

Implicit's argument fundamentally misunderstands the "new evidence" standard applicable to a motion for reconsideration. As an initial matter, Implicit improperly relies solely on its ***own*** change in position rather than any intervening real-world occurrence or newly discovered factual information. A party's unilateral decision to abandon a legal strategy that proved unsuccessful and adopt a different one going forward is ***not*** "new evidence." *See Beneficial Innovations, Inc. v. Blockdot, Inc.*, 2010 WL 11469805, at *2 (E.D. Tex. Oct. 27, 2010) (no "new evidence" when purported evidence was "crafted for the sole purpose of manufacturing evidence in order to support [] motion for reconsideration"). For example, the plaintiff in *LoganTree, LP v. Fitbit, Inc.*, 2016 WL 3460769 (E.D. Tex. Apr. 26, 2016), after losing a transfer motion, filed a motion for reconsideration arguing for the first time that the case should have been transferred to the Western District of Texas instead of the Northern District of California. *Id.* at *1. The Court noted that the plaintiff already had multiple "opportunities" to attempt to "establish venue … in the Western District of Texas" if it wished, but that it had failed to take that position in any of the earlier

---

[1] Although the Court's order granting transfer is not a final judgment, "[i]t is this Court's practice to consider motions to reconsider interlocutory orders under the standard of Federal Rule of Civil Procedure 59(e)." *Triton Tech*, 2012 WL 2036411, at *1 (collecting cases).

[2] Implicit filed its reconsideration motion in the *Juniper* case (No. 2:19-cv-00037), although the Court's transfer order issued in the lead *Imperva* case (No. 2:19-cv-00040).

proceedings. *Id.* Thus, "having lost its [original] venue gambit," the plaintiff could not be permitted to attempt a different approach that was "clearly untimely." *Id.* By the same token, Implicit's attempt to change its legal position in this case—***after*** failing with its original opposition strategy—does not provide any valid basis for reconsideration. *See also Ctr. One v. Vonage Holdings Corp.*, 2010 WL 3257642, at *6 (E.D. Tex. Aug. 17, 2010) ("After deliberately and strategically choosing to not participate in an earlier motion to transfer and thereby withhold relevant facts and arguments from the Court, the Verizon Defendants now ask the Court to revisit the issue. The Court will not tolerate such gamesmanship and waste of judicial resources."); *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 309 (5th Cir. 2020) (district court properly denied motion for reconsideration; "Plaintiffs cannot relitigate the issue by subsequently creating new evidence.").

Moreover, even if Implicit's recent choice to drop claims could be considered "evidence" (which it is not), reconsideration would still be improper because that choice is not a new one but rather was ***previously available*** to Implicit. Courts have clearly held that, "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was ***not available*** during the pendency of the motion." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (emphasis added); *In re Benjamin Moore*, 318 F.3d at 629 ("new evidence" must be evidence that was "not previously available" to the movant); *see also KKG*, 2013 WL 1643525, at *6 (denying reconsideration motion where movant failed to identify any "new evidence not previously available" but rather relied on evidence and arguments that "could have been offered or raised" earlier); *LoganTree*, 2016 WL 3460769, at *1 (denying reconsideration motion based on "evidence that could have been submitted earlier in response to Defendant's original motion").

It cannot be disputed that the option of attempting to narrow the scope of its infringement case was "available" to Implicit ***well before*** the Court issued its transfer order. Indeed, in response to the transfer issues raised earlier by Juniper's former co-defendant Sophos, Implicit chose to do just that: "disavow[ing] large portions of its infringement case in its preliminary infringement contentions" in an effort to escape the impact of the Intel License. *See Implicit, LLC v. Sophos Ltd.*, Case No. 2:19-cv-00040-JRG-RSP, Dkt. 104 (July 25, 2019) at 1. Moreover, when Juniper and Implicit met and conferred regarding Juniper's transfer motion on November 6, 2019, the parties similarly discussed the idea of Implicit potentially dropping some of its asserted patent claims. *See* McPhie Decl. ¶ 2. However, Implicit ultimately never did this, and Juniper proceeded to file its transfer motion. *Id.* In its opposition to Juniper's motion filed on December 23, 2019, Implicit again raised the possibility of dropping claims at some future point. *See* Dkt. 175 at 10. However, Implicit again failed to actually confirm it intended to drop any claims (much less file a formal motion for leave to amend its pleadings or contentions).

Finally, at the hearing on Juniper's motion held on February 6, 2020, the Court asked if Implicit was prepared to commit to drop any claims, emphasizing that the timing of Implicit's willingness to drop claims was important: "the Court will have to look at the case differently if it can be narrowed now versus at some point in the future." Ex. 1 at 53:16-20. Nevertheless, Implicit expressly declined to drop claims at that time: "I'm not at a place -- at a place where I can -- where I've got the authority or the ability to -- drop claims at this point." *Id.* at 54:2 - 55:23. In the subsequent months between the hearing and the Court's order on April 22, 2020, Implicit took no action to amend its pleadings or contentions or otherwise narrow its asserted claims impacted by the Intel License issue, despite the Court's inquiry at the hearing. McPhie Decl. ¶ 3. Even after the Court's transfer order, Implicit never contacted Juniper about any desire to drop claims or

otherwise limit the scope of its case. *Id.* The first Juniper heard of Implicit's newly minted willingness to drop claims was in reading Implicit's motion for reconsideration. *Id.*

In summary, for at least the last 10 months, Implicit has been aware of the "availability" of a possible narrowing strategy in response to the Intel License issues, and yet deliberately failed to pursue such an approach. Having made the decision not to pursue that strategic path, Implicit now must be held to the consequences. Courts have repeatedly admonished that a motion for reconsideration "should not be used to raise arguments that could, and should, have been made before the entry of judgment . . . [or] to re-urge matters that have already been advanced by a party." *Lupo v. Wyeth-Ayerst Labs.*, 4 F. Supp. 2d 642, 649 (E.D. Tex. 1997); *eTool*, 881 F. Supp. 2d at 749. Because it is undisputed that a claim-dropping strategy was previously available to Implicit, its attempt to characterize its recent action as "newly available evidence" necessarily fails.

**B. Implicit's Attempt To Drop Claims Is Immaterial To The Transfer Analysis**

Moreover, even if the Court were to consider Implicit's belated attempt to drop certain asserted claims, it would be unavailing as such action is immaterial to the transfer analysis. As Juniper explained in its earlier briefing, it is well-settled that motions to transfer must be evaluated as of the time of filing. *See, e.g.*, *Vertical Computer Sys., Inc. v. LG Elecs. U.S.A., Inc.*, 2013 WL 2241947, at *3 (E.D. Tex. May 21, 2013) ("[P]recedent dictates that motions to transfer venue are not decided on a series of changing facts, but instead should be evaluated based on the situation which existed when suit was filed.") (citing *In re EMC Corp.*, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013)). Thus, transfer is warranted regardless of Implicit's belated attempts to drop its claims.

This Court has repeatedly found that transfer decisions are not impacted by the subsequent dropping or narrowing of asserted claims. For example, in response to a motion for reconsideration

filed in *PersonalWeb*, 2013 WL 12157900, the Court held that a party's intervening decision to drop claims was irrelevant to the transfer analysis, even though transfer was granted based in part on the presence of those claims. *Id.* ("[T]he fact that PersonalWeb dropped its claims against HPES does not impact the transfer analysis."). Similarly, in *Invensas Corp. v. Samsung Elecs. Co.*, 2018 WL 5834393 (E.D. Tex. Nov. 7, 2018), the Court found it irrelevant that the party opposing transfer was willing to drop one of its claims in an attempt to evade the impact of a forum selection clause: "the Court concludes that a present dispute already exists and that dropping the willfulness claim at this stage would not affect the analysis." *Id.* at *4 n.3.

The logic of these cases fully supports the Court's transfer decision in this case. That is because the venue selection clause of the Intel License was triggered as soon as Implicit filed its complaint against Juniper accusing products and functionality based on licensed Intel processors. *See Saint Lawrence Commc'ns LLC v. Amazon.com, Inc.*, 2019 WL 2904756, at *2 (E.D. Tex. July 5, 2019) (transfer motions are evaluated "as of the time of filing"). Accordingly, Implicit's subsequent attempts to manipulate the scope of its infringement allegations have no impact on the transfer analysis. *See EVS Codec Techs., LLC v. LG Elecs., Inc.*, 2019 WL 2904747, at *3 (E.D. Tex. July 5, 2019) (forum selection clause found to apply even after plaintiff amended complaint to expressly state it was no longer accusing products covered under license).

In short, the Court correctly found that transfer was appropriate as "the Intel license covers [Implicit's] claims of infringement to the extent that an Intel processor is used to satisfy any claim limitations for infringement, and Juniper and Fortinet have sufficiently shown a non-frivolous nexus between the Intel agreement and the majority of the claims." Dkt. 252 at 6. All of the remaining arguments raised by Implicit were already fully considered as part of the Court's transfer order. Implicit has thus failed to demonstrate any basis for reconsideration in this case.

## III. CONCLUSION

Because Implicit has failed to demonstrate any "newly available evidence" or other proper basis for reconsideration of the transfer order, the Court should deny Implicit's motion.

Date: May 21, 2020

Respectfully submitted,

By: */s/ Melissa R. Smith*

**IRELL & MANELLA LLP**
David C. McPhie
(CA State Bar No. 231520) [*pro hac vice*]
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: dmcphie@irell.com

Jonathan S. Kagan
(CA State Bar No. 166039) [*pro hac vice*]
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com

**GILLAM & SMITH LLP**
Melissa Richards Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gilliamsmithlaw.com

**Attorneys for Defendant Juniper Networks, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 21st day of May 2020.

/s/ *Melissa R. Smith*
Melissa R. Smith