# EXHIBIT 1

```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE EASTERN DISTRICT OF TEXAS

 3                         MARSHALL DIVISION

 4   IMPLICIT, LLC                    )(

 5                                    )(    CIVIL ACTION NO.

 6                                    )(    2:19-CV-040-JRG-RSP

 7   VS.                             )(    MARSHALL, TEXAS

 8                                    )(

 9   IMPERVA, INC.                    )(    FEBRUARY 6, 2020

10                                    )(    1:32 P.M.

11                          MOTION HEARING

12           BEFORE THE HONORABLE JUDGE ROY S. PAYNE

13              UNITED STATES MAGISTRATE JUDGE

14

15   APPEARANCES:

16   FOR THE PLAINTIFF: (See Attorney Attendance Sheet docketed
                          in minutes of this hearing.)
17

18   FOR THE DEFENDANT: (See Attorney Attendance Sheet docketed
                          in minutes of this hearing.)
19

20   COURT REPORTER:    Shelly Holmes, CSR, TCRR
                        Official Reporter
21                      United States District Court
                        Eastern District of Texas
22                      Marshall Division
                        100 E. Houston Street
23                      Marshall, Texas  75670
                        (903) 923-7464
24

25   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)
```

03:14:33   1   separate proceedings.

03:14:35   2            MR. DAVIS:  And I -- I believe I understand Your

03:14:37   3   Honor's question, and it's certainly something that we've

03:14:43   4   suggested and would consider.  And I believe that's why --

03:14:47   5   one of the reasons we suggest that severance of certain

03:14:53   6   claims would be appropriate here so that we would have the

03:15:01   7   opportunity to evaluate that because with the -- there's

03:15:04   8   three different -- three separate causes of action here

03:15:08   9   that have been consolidated for pre-trial purposes, but

03:15:11   10  presumably, they would be unconsolidated when they're

03:15:16   11  transferred.  Presumably they're -- we don't know how they

03:15:19   12  would end up in -- in Delaware.  If that's where they were

03:15:24   13  transferred, if they would all end up in front of the same

03:15:27   14  Judge or not, so there are efficiency considerations to be

03:15:31   15  had there.

03:15:31   16           So, yes, I mean, I think that's something we are

03:15:35   17  considering.  And we would evaluate when we cross that

03:15:41   18  bridge.  But I believe that that's also why this

03:15:45   19  Rolls Royce case and why -- why the law allows for the

03:15:48   20  Court not to transfer when not all claims are subject to

03:15:53   21  the license agreement because of efficiency.  And so if

03:15:56   22  we're considering efficiency, we would suggest that they

03:15:59   23  all stay here and --

03:16:02   24           THE COURT:  Didn't the Fifth Circuit actually

03:16:04   25  reverse the District Court in the Rolls Royce case?

| | | |
|---|---|---|
| 03:16:07 | 1 | MR. DAVIS:  Yes.  It was a mandamus.  Yes, Your |
| 03:16:09 | 2 | Honor.  I mean, it -- it was -- it -- we're not suggesting |
| 03:16:11 | 3 | that it's on all fours with the facts of this case.  But |
| 03:16:15 | 4 | we -- what we are suggesting is that the Court said that |
| 03:16:18 | 5 | you can -- if not all parties and not all claims are |
| 03:16:24 | 6 | subject to the agreement, are subject to the -- the |
| 03:16:27 | 7 | transfer provision of the agreement, that the Court should |
| 03:16:32 | 8 | consider -- and, in fact, that's what it instructed the |
| 03:16:35 | 9 | Court to consider on remand was whether or not all the |
| 03:16:37 | 10 | claim -- whether the -- whether the entire case should |
| 03:16:40 | 11 | remain in -- in the district. |
| 03:16:42 | 12 | So I understand that the -- the holding that it |
| 03:16:48 | 13 | was -- it was a mandamus.  It was a grant of a mandamus, |
| 03:16:51 | 14 | but it was a -- it was a grant of a mandamus and a remand |
| 03:16:55 | 15 | for further consideration with that guidance. |
| 03:16:58 | 16 | THE COURT:  All right.  Is there evidence in the |
| 03:17:06 | 17 | record at this time that would allow -- well, I guess what |
| 03:17:24 | 18 | I'm hearing from you is that while you might be willing to |
| 03:17:29 | 19 | consider narrowing the case in the -- at some point in the |
| 03:17:34 | 20 | future, you're not at a place where you can do that now. |
| 03:17:37 | 21 | MR. DAVIS:  Your Honor, I'm -- I'm not at a -- at |
| 03:17:38 | 22 | a place where I can -- where I've got the authority or the |
| 03:17:41 | 23 | ability to -- to drop claims at this point. |
| 03:17:44 | 24 | THE COURT:  All right.  All right.  Well, I had |
| 03:18:00 | 25 | interrupted you to ask those questions.  Are there other |